

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-27-2002

# Boyce v. Dembe

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4199

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Boyce v. Dembe" (2002). *2002 Decisions.* Paper 619.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/619

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-4199
_____

MARGARET M. BOYCE,

Appellant

v.

PAMELA P. DEMBE, HONORABLE JUDGE, individually and in
her official capacity as Judge of the Court of
Common Pleas of Philadelphia County; JOHN W. HERRON,
HONORABLE JUDGE, individually and in his official
capacity as Judge of the Court of Common Pleas of
Philadelphia County; JOHN T.J. KELLY, JR.,
HONORABLE JUDGE, individually and in his official
capacity as Judge of the Superior Court of Pennsylvania;
J. MICHAEL EAKIN, HONORABLE JUDGE, individually and in
his official capacity as Judge of the Superior Court of
Pennsylvania; PETER PAUL OLSZEWSKI, HONORABLE JUDGE,
individually and in his official capacity as Judge of
the Superior Court of Pennsylvania; JOSEPH H. EVERS,
individually and in his official capacity as the
Prothonotary of Philadelphia County
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Civil No. 00-cv-06572
District Judge:  The Honorable Mary A. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1(a)
September 26, 2002
_____

Before: BARRY, AMBRO, and GARTH, Circuit Judges

(Opinion Filed:  September 27, 2002)
_____

OPINION
_____

BARRY, Circuit Judge
                              I.
     Margaret M. Boyce appeals the District Court's dismissal of her Complaint for
lack of subject matter jurisdiction.  The District Court ruled that most of the claims she
raised were barred by the Rooker-Feldman doctrine ("Rooker-Feldman"), which
prohibits, as a general matter, the review of state court adjudicative proceedings by a
federal district court.  Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of
Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  The District Court also
found that Boyce lacked standing to raise other issues that it found were not barred by
Rooker-Feldman.  Our review is plenary.  Parkview Associates Partnership v. City of

Lebanon, 225 F.3d 321, 323-24 (3d Cir. 2000).  We will affirm.

                                II.
     The tortuous procedural history of this case, and the substantive issues involved, are well known to the parties, and will only briefly be reviewed here.  Pennsylvania attorney Margaret Boyce was discharged by a client whom she represented in a state court tort suit.  A dispute developed between Boyce and the client's new attorney, Edward Chacker, over the case file and the potential fee, with Boyce claiming she had a lien on the file and refusing to turn it over.  Chacker requested a court order directing Boyce to provide the file, and a hearing was held before Judge, now Justice, Russell Nigro.  Boyce's motion for Judge Nigro to recuse himself because Chacker had contributed to Nigro's campaign was denied.  Judge Nigro then ordered Boyce to provide the file within three days or pay a $1,000 fine.  When she did not do so, Chacker filed contempt petitions in state court against Boyce.  The first was rejected, but Boyce apparently was held in contempt after a September, 1997 hearing before Judge Dembe.  The contempt citation, and a fine of $39,500, was affirmed by the Superior Court of Pennsylvania.
     During the pendency of these actions and Boyce's subsequent efforts to appeal or move for reconsideration, the underlying tort suit settled, with the portion of the judgment constituting attorney's fees and costs held in escrow by the Prothonotary of Philadelphia.  When Boyce requested her share, the Prothonotary, by order of Judge Herron of the Court of Common Pleas, withheld $39,500.  Boyce's request for a hearing on Judge Herron's decision was denied.
     Boyce then filed in the District Court the suit that has now reached us, naming as defendants each of the judges involved in the adverse decisions against her, as well as the Prothonotary.  She alleged a laundry list of violations of due process and of equal protection, and a violation of her Sixth Amendment rights.  Defendants moved to dismiss for lack of subject matter jurisdiction, and the District Court granted the motion.  Boyce timely appealed.

                                III.
     The District Court dismissed Boyce's five count Complaint on two grounds.  It held that it lacked subject matter jurisdiction to hear a number of claims within each of the counts under Rooker-Feldman.  It dismissed the remaining claims on the ground that Boyce lacked standing to raise them because there was no way that the injuries she claimed could be redressed.
     The Rooker-Feldman doctrine generally bars the review by a federal district court of a final adjudication by a state's highest court. Rooker, 263 U.S. 413 (1923); Feldman, 460 U.S. 462 (1983); Blake v. Papadakos, 953 F.2d 68, 71 (3d Cir. 1992).  The bar extends to a district court's review of decisions by lower state courts as well.  Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth., 973 F.2d 169, 177-78 (3d Cir. 1992).  Also barred are constitutional claims that are "inextricably intertwined with [a] state court's [judgment] in a judicial proceeding."  Feldman, 460 U.S. at 482 n.16.  Such entwinement occurs when "federal relief can only be predicated upon a conviction that the state court was wrong." Centifanti v. Nix, 865 F.2d 1422, 1430 (3d Cir.1989) (citation omitted).  With few exceptions, a federal district court lacks subject matter jurisdiction to review, essentially as an appellate court, a state court's adjudicative actions.  Guarino v. Larsen, 11 F.3d 1151, 1153 (3d Cir. 1993).
     Where, however, a litigant makes a general challenge to rules, practices, or procedures stemming from nonjudicial proceedings, e.g., purely administrative procedures, a federal court may acquire subject matter jurisdiction.  See Feldman, 460 U.S. at 486; Guarino, 11 F.3d at 1153.  Of course, the line between a general and a particular challenge, or between an adjudicative and an administrative task, may be hard to draw, Stern v. Nix, 840 F.2d 208, 211 (3d Cir. 1988) (citation omitted), and the "intertwined" test is often applied to distinguish the two types of challenge.
     Identifying the nature of the specific relief being sought can also help determine the nature of the challenge and thus whether subject matter jurisdiction exists.  Centifanti v. Nix, 865 F.2d 1422, 1429 (3d Cir. 1989).  Such an approach helped us distinguish the facts  and thus the applicability of Rooker-Feldman  in Centifanti from those in Stern, which had been reviewed shortly before.  Of course, this is simply an alternative approach to that used by the District Court, which sequentially addressed the counts of the

Complaint.  This approach, however, demonstrates that even some of the claims within those counts that the District Court held "may not be barred by Rooker-Feldman," A.21 (District Court Op. at 13), are in fact not simply general challenges to state administrative procedures, permitted by Rooker-Feldman but subject to a standing analysis.  Rather, it shows that the Complaint is better characterized as "a skillful attempt to mask the true purpose of the action, which essentially is to reverse the judicial decision[s]" Boyce does not like.  Stern, 840 F.2d at 212.

Boyce set out eight specific prayers for relief.  A.47-49.  It is clear that at least half  numbers 2, 3, 6, and 7 in note 2 below  on their face request action by a federal court that would effectively rule "that the state court was wrong."  Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring in the judgment).  They do so by seeking a ruling that would change Boyce's current circumstances vis-a-vis her contempt status and/or the escrowed funds she claims.  This relief is clearly precluded.

The same is true for the relief she seeks in numbers 4 and 5.  Regarding the Prothonotary (# 5), "any attempt to enjoin the enforcement of a state court judgment . . . is suspect."  Stern, 840 F.2d at 212.  To enjoin the Prothonotary would "effectively reverse [a] state court judgment," id.  that is, Judge Herron's order to the Prothonotary.

As for number 4, there is nothing in the record that even suggests that Boyce was held in criminal, rather than civil, contempt.  Indeed, in its December 28, 1998, Memorandum Opinion, the Superior Court of Pennsylvania explicitly held that there was "no support for the contention the contempt action was to punish her, rather than to obtain compliance with the order to produce the file."  But however framed, what Boyce complains of is the lack of a "full and fair opportunity" to litigate the contempt charge.  Complaint at  43.  The Superior Court's opinion, however, shows that that charge  civil or criminal  and the related constitutional claims Boyce raised were all fully addressed, and were rejected.  Again, to review the procedures she challenges could "effectively reverse [a] state court judgment." Stern, 840 F.2d at 212.  And again, this a federal district court may not do.

Ostensibly, Boyce's best chance to obtain relief would be by virtue of number 1 (declaratory relief).  We permitted a similar prayer for relief in Centifanti, where the plaintiff had sought a declaratory judgment that "the rules and procedures for considering petitions for reinstatement of suspended attorneys are unconstitutional." 865 F.2d at 1429 (quotation marks omitted).  Because, we held, the district court would not be required to review the state supreme court decision, Centifanti's due process claim was not barred by the Rooker-Feldman doctrine.

Boyce is not, however, simply challenging relevant "rules and procedures," but is primarily challenging the allegedly unconstitutional "practices" and "acts" to which she was subjected.  This is clearly different from the solely prospective relief Centifanti sought  relief limited to future petitions for reinstating suspended attorneys.  865 F.2d at 1429.  The challenge here is closer to that in Stern, where what was facially a general challenge to state court rules was found to be more accurately framed as a challenge to the judgments in Stern's individual case.  One telltale indication that Stern is a better analogy than Centifanti is the "extensive exposition of the specific facts in [Boyce's] case" in her Complaint and her briefs on appeal, "which hardly would have been necessary if the district court were being asked only" to review general practices of the state court, rather than what happened to her in her case.  Stern, 840 F.2d at 212-13.  "Of course, the substance and not the form of the requested relief is ultimately controlling," Centifanti, 865 F.2d at 1429 n.8, and, thus, despite the form of her pleadings, the declaratory judgment she seeks is also barred by Rooker-Feldman.

In summary, the Complaint demonstrates that what Boyce was effectively asking the District Court to review were the adverse decisions handed down by the state courts.  A district court has no authority to review such decisions, and the Complaint was appropriately dismissed for lack of jurisdiction.

IV.

We will affirm the District Court's order of October 30, 2001.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/Maryanne Trump Barry
Circuit Judge